Vandegrift v. Herbert.

## VANDEGRIFT vs. HERBERT.

1. In equity, a deed absolute on its face may be shown by parol to have been intended by the parties as security only for money advanced; and, in such case, as between the parties, it will be treated as a mortgage. But the proof in this cause, held not to show such intention.

2. The rule in equity is, that the responsive denial of an answer must be overcome by two witnesses, or evidence equivalent thereto.

3. The oaths of two complainants in the same cause, made by the statute competent witnesses for themselves, will not be considered as destroying

the effect of the responsive denial of the answer, unless they seem to the court to be entitled to the weight of the oaths of two credible witnesses; and, in considering their weight, the fact of the interest of these witnesses as parties to the suit, must be taken into consideration.

This cause was heard upon bill, answer, and proofs.

*Mr. P. S. Scovel* and *Mr. Richey,* for complainant.

*Mr. Cannon* and *Mr. Hutchinson,* for defendant.

THE CHANCELLOR.

The bill in this case was filed by Josiah Vandegrift, to have a deed made by him and his wife to the defendant, William S. Herbert, dated August twenty-eighth, 1849, for a house and lot in Bordentown, declared a defeasible deed, given by way of mortgage to secure $325, and to redeem the property.

Vandegrift, having died pending the suit, after he had been examined as a witness for himself, his wife, Hannah Vandegrift, to whom he had devised the property, was made complainant in his place, and the suit proceeded in her name.

The bill states that the complainant, being indebted to the estate of Joseph Hopkinson in the sum of $300, for two years' rent, and, being sued for it, applied to the defendant who was the brother of his wife, to raise the money for him to settle that debt and the costs ; that the defendant agreed to raise it for him, provided the complainant would convey to him his house and lot as security for the repayment of the amount; that it was agreed that he would convey the property as security, by a deed, which was to be a defeasible deed, and which was to be of no further effect, upon re-payment of the money advanced ; that complainant and his wife executed the deed with the understanding that it was a defeasible deed, given only as security for the re-payment of the sum of $325, to be advanced for the payment of said debt and costs, and for no other sum or debt whatever ; that since the execution of the deed, the complainant has remained in posses-

sion of the premises without paying any rent, and has paid the interest on the money yearly, and the taxes and insurance ; that he has built additions to the house and barn, at large expense, on the faith of the agreement ; that the deed was only a defeasible deed, given as security for the re-payment of the loan, and that he had tendered to the defendant the debt and interest, and applied for a re-conveyance, which the defendant refused.

The answer of the defendant denies, explicitly, that the conveyance was intended as security, or that it was understood to be defeasible, or that he agreed to re-convey the property. It sets forth that the complainant was indebted to Hopkinson's estate for $125, for which suit had been brought, that two executions had been issued against his personal property on judgments in justices' courts, and other claims against him being pressed, he applied to the defendant, and offered to convey to him his house and lot, if he, the defendant, would pay his debts; that upon inquiry into the amount of his debts, defendant agreed to do this, and that upon this agreement the conveyance was made, and was intended to be, as it was, an absolute conveyance; that there was no agreement that it was defeasible, or that he should re-convey the property upon being paid the sum of $325, or any other sum; that to obtain part of the money necessary to pay the debts of the complainant, he mortgaged the property to Abner Woodward, for $325, and that, to relieve the defendant and his wife, he, Herbert, agreed that they might remain on the property, if they would pay to Woodward the interest on the mortgage, and pay all taxes, and the amount necessary to keep the property insured ; that the additions put on were put on with his consent, and were paid for by complainant in consideration of the occupation of the property at a small and inadequate rent; that the amount of complainant's debts was estimated by both parties at about $400, the consideration inserted in the deed, but that they, in fact, amounted to $447.13, which sum was actually paid by the defendant in their discharge. The answer fur-

ther states, that the amount of the rent due to the Hopkinson estate, and paid by him, was $125, with $21 costs of suit; that the complainant owed Mrs. Hamilton $100, which was secured by mortgage on the house and lot, which defendant paid off, with some interest due on it; and that he paid other debts, which he specifies, to the amount stated. He denies that the complainant has paid all the interest, taxes, and insurance, and alleges that the same were paid in part by him. And, while he denies that the deed was intended or understood to be defeasible, or as security only, he says that he has always been willing, and is now willing, to convey the property to the complainant, upon being repaid what he has advanced for his debts, taxes, and insurance, with interest thereon, and admits the charge in the bill, that he has declared to divers persons that he would do so.

The answer is a full and explicit denial of the whole equity on which the bill is founded; it denies that the deed was intended or understood as security only, either for the sum of $325, and interest, or for any other sum; but that it was, and was intended to be, an absolute conveyance of the property.

There is no question but that, in equity, a deed absolute on its face may be shown by parol to have been intended by the parties as security only for money advanced, and that in such case, as between the parties, it will be treated as a mortgage.

The question here is upon the proof.

The rule in equity is, that the responsive denial of an answer must prevail unless overcome by the testimony of two witnesses, or evidence equivalent thereto. The complainant appeals to the conscience of the defendant, and compels him to be a witness against himself. He is not allowed to impeach the credibility of the defendant, but must overcome his answer by stronger evidence.

In this case, there are two witnesses. Josiah Vandegrift, the original complainant, testified in his life; his death made his wife, the present complainant, a competent witness for herself. But although the statute made both successively

competent witnesses for themselves, it leaves the credibility to be judged of as affected by their interest. Their oaths are not legally entitled to be considered as destroying the effect of the answer, unless they seem to the court to be entitled to the weight of the oaths of two credible witnesses; and in considering their weight, the fact of the interest of these witnesses as parties to the suit, must be taken into consideration, while the effect given to a responsive answer is arbitrarily fixed, without reference to the interest of the defendant.

The objection to the evidence of Mrs. Vandegrift, that she was sworn after the complainant's testimony had closed, and to sustain the main issue, and not to rebut the evidence of the defendant, will not, in this court, exclude her testimony as incompetent; it can only affect its credibility. The interest of both these parties, when sworn, was of a nature that makes it proper to scrutinize their testimony with great care; and they are the only direct witnesses to prove the case made by the bill and denied by the answer.

Their testimony shows a case essentially different from that stated in the bill. The difference is not of the kind that would defeat the title to relief on account of variance, but it must destroy all confidence in the accuracy of their recollections: The bill was sworn to by Josiah Vandegrift; and Mrs. Vandegrift testifies that she furnished the facts to the solicitor who drew it. No decree ought to be based upon the evidence of witnesses who show such want of recollection of the most important facts, in a transaction in which all their property was at stake, and in which everything was trusted to memory. This testimony is not sufficient to overcome either the answer or the evidence of the defendant.

The circumstances and admissions of the defendant, relied upon in corroboration of their evidence, may show that there was some understanding of the parties, which may have been implied from their relative situation and the circumstances under which the conveyance was made, that the defendant would re-convey the property upon being repaid what he had

advanced, with interest; but they do not prove or confirm the case set up by the complainant in the bill and evidence, that he was to re-convey on being paid $325.

I am convinced, from the answer and the evidence, that there was no agreement that this deed should be considered a defeasible deed, or security merely for the re-payment of the sum advanced, or to be advanced. 1 am also satisfied, from the answer and evidence, and from the relation and situation of the parties at the time, that it was understood between them, probably without any express agreement to that effect, that the defendant would, at any time, re-convey the property upon being reimbursed the amount paid out by him, with interest; and that, on the faith of this understanding, with the knowledge and assent of the defendant, Vandegrift built the additions to the house and barn, and that the defendant assented to, and permitted these improvements, and the necessary outlay therefor, with that understanding on his part, as well as on the part of Vandegrift. The whole conduct of the parties, the occupation of the property, as well as the admissions to Hankins and Wood, show that there must have been some such understanding. These admissions and the attending circumstances, although they might satisfy me that there was *some* understanding between the parties, would not show the terms upon which the re-conveyance was to be made, a fact necessary to any relief by this court, either in the form of declaring the deed to have been given as a mortgage, or of decreeing a conveyance in specific performance of a contract in part performed. But the answer relieves from all difficulty on this head; the defendant alleges that he has always been willing, and is now willing, to re-convey the property upon being re-paid the sum of $447.13, advanced by him to pay the debts of the complainant, Josiah Vandegrift, which he alleges was the real consideration of the conveyance to him, with the interest thereon, and the amounts paid by him for insurance and taxes. The evidence shows satisfactorily that he paid about that amount in discharge of the debts of Vandegrift; and no agreement or un-

derstanding can be inferred from the evidence, outside of that of Vandegrift and his wife, that a re-conveyance was to be made for anything less than a full re-payment of all that he had advanced, with interest.

I think it satisfactorily appears that the interest on $325, the part of his advances which the defendant borrowed on mortgage, was paid by Vandegrift until April first, 1863, and that he paid taxes and insurance, so far as insurance was paid, until that time.

The defendant is entitled to have the sum of $447.13, with interest on $122.13, from August twenty-eighth, 1849, to April first, 1863, and from that time with interest on the whole sum of $447.13, and also all taxes and insurance premiums that he may have paid since the last mentioned day, with interest thereon, repaid to him; and upon such payment, he must convey to the complainant, Hannah Vandegrift, in fee, free from all encumbrances created by him, the property in question. And the complainant must pay to the defendant his costs.